MATTHEW A. BARLOW (USB No. 9596)
*mbarlow@wnlaw.com*
WORKMAN | NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah  84111
Telephone:  (801) 533-9800
Facsimile:  (801) 328-1707

Attorneys for Plaintiff
ST GEORGE EXECUTIVE SHUTTLE, LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ST GEORGE EXECUTIVE SHUTTLE, LLC, a Utah limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN TRAILS CHARTERS & TOURS LLC, d/b/a SALT LAKE EXPRESS, an Idaho limited liability corporation,<br><br>Defendant. | Civil Action No. 2:17-cv-00900-BCW<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff St George Executive Shuttle, LLC complains and alleges against Defendant Western Trails Charters & Tours LLC, d/b/a Salt Lake Express as follows:

**THE PARTIES**

1.    Plaintiff St George Executive Shuttle, LLC (hereinafter "SGS" or "Plaintiff") is a Utah limited liability corporation with a principal place of business at 1275 E. Red Hills Parkway St. George, Utah 84770.

2.    Upon information and belief, Defendant Western Trails Charters & Tours LLC, d/b/a Salt Lake Express (hereinafter "Defendant"), is an Idaho limited liability company having a principal place of business at 150 N. 5 W., Rexburg, Idaho 83440.

## NATURE OF THE CLAIMS

3. This is an action for trademark infringement and unfair competition. Defendant has willfully engaged in trademark infringement of SGS's federally registered trademark and has engaged in unfair competition in the State of Utah and this judicial district.

## JURISDICTION AND VENUE

4. This action arises under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.,* the Utah Unfair Competition and Practices Act, Utah Code Ann., § 13-5a-101, *et seq.* Utah Code Ann. § 13-11a-101 *et seq.,* and the common law of the State of Utah.

5. This Court has subject matter jurisdiction over SGS's claims for relief pursuant to 15 U.S.C. 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1367.

6. Defendant has offered services under the mark "ST GEORGE SHUTTLE" within the State of Utah. These actions by Defendant have resulted in injury to SGS and relate to, and in part give rise to, the claims asserted herein by SGS.

7. This Court's exercise of personal jurisdiction over Defendant is consistent with the Constitutions of the United States and the State of Utah. Moreover, this Court has personal jurisdiction over Defendant pursuant to the Utah Long Arm Statute, Utah Code Ann. § 78B-3-205.

8. Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§ 1391(b)(2) because: (1) Defendant's conduct complained of herein has occurred in this district; (2) Defendant conducts regular and systematic business in this district; and/or (3) a substantial part of the events or omissions giving rise to the claims occurred in this district.

## BACKGROUND

9. SGS is a leading provider of shuttle services throughout Utah, Idaho, and Nevada.

10. Defendant also provides shuttle services in these same locales.

11. SGS extensively markets and promotes its services through the use of its trademark "ST GEORGE SHUTTLE" (hereinafter referred to as the "SGS Mark"). As part of that effort, SGS has used the SGS Mark trademark on a continuous basis since at least as early as January 1997.

12. As a result of substantial sales and advertising and promotion, the SGS Mark has become widely and favorably known as identifying SGS's services, and has become an intellectual property asset of considerable value to SGS.

13. On July 11, 2017, SGS obtained a federal registration for the mark "ST GEORGE SHUTTLE", Registration No. 5,240,450, for "limousine services; taxi transport services; transportation services, namely, providing shuttle services by motor coach to and from airports, residences, hotels, businesses, college campuses, and national parks; chartered transportation services, namely, conducting land-based transportation charters of motor coaches; luxury transportation services, namely, providing transportation services by luxury vehicles; coordinating travel arrangements for individuals and groups; on-line transportation reservation services" (the "'450 Registration"). A copy of the '450 Registration is attached hereto as Exhibit A.

14. The federal registration of the SGS Mark constitutes constructive notice to Defendant and others of SGS's ownership of the SGS Mark.

15. In addition to the constructive notice provided by SGS's federal registration of the SGS Mark, SGS provided actual notice to Defendant of its infringing conduct by way of correspondence in November 2016.

16. SGS has not licensed Defendant to use the SGS Mark, and Defendant does not have any right or authority to license others to use the SGS Mark or any confusingly similar trademark.

17. SGS's use of the SGS Mark long predates Defendant's use of the phrase "ST GEORGE SHUTTLE" and any confusingly similar variants on advertising or for any other purpose.

18. On information and belief, Defendant has placed and continues to place ads using Google's AdWords system using the terms "ST GEORGE SHUTTLE" in the copy and/or header, as well as purchased the keywords and variants thereof for "ST GEORGE SHUTTLE" so that consumers searching for SGS's services would instead encounter advertisements for Defendant's services (or the services of its subsidiary companies St George Express or Aztec Shuttle) as or near the first search result.

19. On information and belief, Defendant adopted and used the "ST GEORGE SHUTTLE" mark in its advertising to exploit and trade on the longstanding goodwill, reputation, and success of SGS services and to create a likelihood of consumer confusion in the marketplace.

20. On information and belief, Defendant deliberately chose to place the "ST GEORGE SHUTTLE" mark as a Google AdWord and includes the phrase "ST GEORGE SHUTTLE" in the text and headers of its ads in order to create a false association with SGS or to subversively divert consumers away from SGS's own advertisements for its services.

21. On information and belief, Defendant has purchased these AdWords so that its advertisements are visible to consumers throughout Utah and throughout the United States.

22. Defendant uses the SGS Mark to markets its services to the same or similar customers to whom SGS markets its services, and uses the SGS Mark in the same or similar channels of trade used by SGS to market its services.

23. Defendant has improperly and unjustly profited from its wrongful use of the SGS Mark, and has willfully carried out its actions with the intent to trade on the goodwill associated

with SGS and the SGS Mark and has done so with knowledge that its actions would result in consumer confusion and/or with reckless disregard for the consumer confusion that it knew was likely to result.

### FIRST CLAIM FOR RELIEF – FEDERAL TRADEMARK INFRINGEMENT
### 35 U.S.C. § 1114

24. SGS incorporates each and every allegation of this Complaint into the First Claim for Relief as though fully set forth herein.

25. Defendant's use in commerce of the SGS Mark in connection with the sale, offering for sale or distribution or advertising of its services is likely to cause confusion, or to cause mistake or to deceive as to the source or origin of its products or the affiliation, sponsorship or other relationship between Defendant and SGS, in violation of 15 U.S.C. § 1114.

26. Defendant's use of the SGS Mark in its advertising is an attempt to trade on the goodwill and reputation SGS has generated in its name and the SGS Mark.

27. Defendant's conduct has caused SGS to suffer irreparable harm, damage and injury, and will continue to do so unless Defendant is enjoined by the Court from further infringement and wrongful conduct.

WHEREFORE, SGS prays for relief as set forth hereinafter.

### SECOND CLAIM FOR RELIEF
### UNFAIR COMPETITION / PASSING OFF UNDER LANHAM ACT 15 U.S.C. § 1125(a)

28. SGS restates, re-alleges, and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

29. This is a claim for unfair competition, arising from Defendant's unlawful acts, including, without limitation, use of the SGS Mark as a false designation of origin which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. Defendant's conduct constitutes an attempt to trade on the goodwill that SGS has developed in the SGS Mark.

31. By its conduct, Defendant has caused SGS irreparable harm, damage, and injury to the value and goodwill SGS has built in the SGS Mark and goodwill in its reputation and business.

32. Defendant will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

WHEREFORE, SGS prays for relief as set forth hereinafter.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF UTAH UNFAIR COMPETITION ACT
### U.C.A. §13-5a-101 *et seq.*

33. SGS restates, re-alleges, and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

34. This is a claim for violation of the Utah Unfair Competition Act arising from Defendant's wrongful conduct set forth above.

35. Defendant's conduct set forth above constitutes an intentional business act or practice that is unlawful and unfair and has led and will lead to a material diminution in the value of SGS's intellectual property and is infringement of SGS's federal and common law trademarks.

36. Defendant's conduct is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's products, or the affiliation, sponsorship, or other relationship between the parties in violation of the Utah Unfair Competition Act.

37. By its conduct, Defendant has caused SGS irreparable harm, damage, and injury to the value and goodwill SGS has built in the SGS Mark, as well as to SGS's business, goodwill, and reputation.

38. Defendant will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

WHEREFORE, SGS prays for relief as set forth hereinafter.

### FOURTH CLAIM FOR RELIEF
### UTAH TRUTH IN ADVERTISING ACT
### U.C.A. 13-11a-101 *et seq.*

39. SGS restates, re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

40. Defendant's conduct, as alleged above, is causing and is likely to cause confusion or misunderstanding as to the source, sponsorship, affiliation, connection to or association with SGS, in violation of U.C.A. 13-11a-101 *et seq.*

41. By its conduct, Defendant has caused SGS irreparable harm, damage, and injury to the value and goodwill SGS has built in the SGS Mark, as well as to SGS's business, goodwill, and reputation.

42. Defendant will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

WHEREFORE, SGS prays for relief as set forth hereinafter.

### PRAYER FOR RELIEF

WHEREFORE, SGS requests that the Court grant SGS the following relief:

1. For judgment holding Defendant liable for federal and common law trademark infringement;

2. For judgment holding Defendant liable for violations of 15 U.S.C. §1125(a);

3. For judgment holding Defendant liable for violations of the Utah Competition Act;

4. For judgment holding Defendant liable for violations of the Utah Truth in Advertising Act;

5. An Order permanently enjoining Defendant, its agents and servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner the SGS Mark, including, but not limited to, an order enjoining them from the following acts

   a. imitating, copying, duplicating, manufacturing, producing, circulating, or otherwise making any use of the SGS Mark, or any mark confusingly similar thereto;

   b. using any unauthorized copy or colorable imitation of the SGS Mark, or using any false designation of origin or description, in such fashion as is likely to relate or connect Defendant with SGS or cause confusion;

   c. engaging in any other activity constituting unfair competition or infringement of the SGS Mark or SGS's rights in, or to use, or to exploit the same; and

   d. assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in paragraphs (a) – (c) above.

6. For judgment awarding SGS monetary damages in an amount to be fixed by the Court in its discretion as just including, but not limited to, all of the Defendant's profits or gains of any kind resulting from Defendant's willful infringement and/or acts of unfair competition, and any damages SGS suffered as a result of Defendant's actions, said damages to be trebled.

7. For judgment awarding SGS punitive damages pursuant to U.C.A. 13-5a-103

8. For judgment awarding SGS its costs and reasonable attorney's fees in view of the intentional nature of the acts complained of in this Complaint and the exceptional nature of this case, pursuant to FRCP 54, 28 U.S.C. § 1919, 15 U.S.C. § 1117(a)-(b), and applicable common

law, state statute and federal law, including Utah Code Ann. §§ 13-5a-103, 13-11-19, and 13-11a-4.

9. For judgment ordering Defendant to promulgate corrective advertising sufficient to inform the consuming public that there is no connection between SGS and Defendant.

10. For judgment awarding SGS pre- and post-judgment interest on any monetary award made part of the judgment against Defendant.

11. For such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## JURY DEMAND

SGS hereby demands a trial by jury on all issues so triable.

DATED this 8th day of August, 2017.

WORKMAN | NYDEGGER

By: /s/ Matthew A. Barlow
MATTHEW A. BARLOW (USB No. 9596)

Attorneys for Plaintiff
ST GEORGE EXECUTIVE SHUTTLE LLC