IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ST GEORGE EXECUTIVE SHUTTLE, LLC, A Utah limited liability corporation, <br><br> Plaintiff, <br><br> v. <br><br> WESTERN TRAILS CHARTERS & TOURS LLC, d/b/a SALT LAKE EXPRESS, an Idaho limited liability corporation <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S [10] MOTION TO DISMISS** <br><br> Case No. 2:17-cv-900-DN <br><br> District Judge David Nuffer |

Plaintiff St George Executive Shuttle LLC ("Plaintiff") seeks monetary and injunctive relief relating to alleged violations of the Lanham Act and certain commerce and trade provisions of Utah State law.[1] Defendant Western Trails Charters & Tours LLC ("Defendant") seeks dismissal of Plaintiff's Complaint[2] arguing that the Complaint fails to meet the requirements of Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)").[3] Plaintiff timely filed an opposition[4] to Defendant's motion. Defendant did not reply. For the reasons discussed below, Plaintiff's Complaint survives review under Rule 12(b)(6). The Motion to Dismiss is DENIED.

## BACKGROUND

Plaintiff's Complaint raises four causes of action against Defendant: Federal Trademark Infringement under the Lanham Act, Unfair Competition under the Lanham Act, Unfair

---

[1] Complaint ("Complaint"), docket No. 3, filed Aug. 7, 2017.

[2] *Id*.

[3] Motion to Dismiss and Memorandum in Support ("Motion to Dismiss"), docket No. 10, filed Jan. 22, 2018.

[4] Plaintiff St George Executive Shuttle, LLC's Opposition to Motion to Dismiss ("Opposition"), docket No. 14, filed Feb. 20, 2018.

Competition under Utah State Law, and a violation of the Utah Truth in Advertising Act.[5] Plaintiff and Defendant are competing businesses in the transportation of customers between St. George, Utah and other cities. Plaintiff alleges that Defendant purchased a keyword, specifically Plaintiff's trademark "ST GEORGE SHUTTLE", from Google in an attempt to divert internet traffic to its own website, and that this purchase and use violates federal trademark and federal and state competition laws. Alternatively, Plaintiff alleges that Defendant also displayed the trademark in an advertisment on Google's webpage associated with Defendant's own website without permission. Defendant moves for the dismissal of Plaintiff's Complaint in its entirety.

## DISCUSSION

### Standard of Review

Defendant moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A defendant is entitled to dismissal under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[6] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the complaint is presumed, but conclusory allegations need not be considered.[7] A court is not bound to accept the complaint's legal conclusions and opinions, even if they are couched as facts.[8]

---

[5] Complaint ¶¶ 24–42.

[6] *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[7] *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[8] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

## Defendant's Argument About Likelihood of Confusion is Beyond the Scope of a Motion to Dismiss

Defendant asserts that all of Plaintiff's claims should be dismissed because they do not satisfy the Tenth Circuit test[9] to determine whether the infringement of a trademark creates a likelihood of confusion in the marketplace.[10] However, whether a trademark infringement is likely to cause confusion is a fact question.[11]

Defendant argues that other courts have granted motions to dismiss similar trademark cases by deciding the question of likelihood of confusion.[12] But the cases Defendant cites do not support this argument. The district court in *General Steel Domestic Sales v. Chumley*[13] decided the case after a full trial with findings of fact and law. The district court in *Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*[14] dismissed the Google AdWords cause of action and did not even consider the likelihood of confusion.

The operative question on a motion to dismiss is whether a Plaintiff has stated a claim for which relief can be granted.[15] Whether the alleged use of the trademark is likely to confuse consumers is a fact intensive question and is premature at this stage of litigation.

## The purchase of a trademark as a Google AdWord is sufficient to allege a use-in-commerce as defined in the Lanham Act

Defendant argues that dismissal of Plaintiff's first cause of action is appropriate because the purchase of a competitor's trademark as a Google AdWord keyword does not constitute a

---

[9] *See King of the Mountain Sports, Inc. v. Chrysler Corp.*, 185 F. 3d 1084, 1089-90 (10th Cir. 1999).

[10] Motion to Dismiss at 5–6.

[11] *See Water Pik, Inc. v. Med-Sys., Inc.*, 726 F.3d 1136, 1143 (10th Cir. 2013)

[12] Motion to Dismiss at 5–6.

[13] 2013 WL 1900562 (D. Colo).

[14] 425 F.Supp.2d 402 (S.D.N.Y. 2006).

[15] Fed. R. Civ. P. 12(b)(6).

3

use-in-commerce under the Lanham Act,[16] because these keywords are used only as metadata to bring up search results and are not displayed to the actual user of the search engine.[17] In support of this argument, Defendant cites to a Second Circuit case as well as numerous cases involving Google.[18] But these cases are unpersuasive or do not apply.

The Second Circuit case Defendant cites to, *1-800 Contacts, Inc. v. WhenU.com, Inc*,[19] has been distinguished by the Second Circuit. In *WhenU*, the Second Circuit stated that a "company's internal utilization of a trademark in a way that does not communicate it to the public is analogous to a [*sic*] individual's private thoughts about a trademark. Such conduct simply does not violate the Lanham Act."[20] In *WhenU*, the software developer defendant used the plaintiff's *website address*—not a trademark—as a keyword for pop-up ads. Plaintiff's website address was not trademarked.[21] The Second Circuit instructed the district court to dismiss the Lanham Act claim and preliminary injunction.[22]

Later, in *Rescuecom Corp. v. Google Inc.* the Second Circuit scrutinized *WhenU* and distinguished it, as district courts were construing it to mean that any purchase of a keyword, trademarked or not, was not a use-in-commerce.[23] "We did not imply in [*WhenU*] that an alleged infringer's use of a trademark in an internal software program insulates the alleged infringer from a charge of infringement, no matter how likely the use is to cause confusion in the

---

[16] Motion to Dismiss at 6–7.

[17] *Id*.

[18] *Id*. at 5.

[19] 414 F.3d 400 (2nd Cir. 2005).

[20] *Id*. at 409.

[21] *Id*. at 408-09.

[22] *See Id.* at 409.

[23] *See* 562 F.3d 123 (2nd Cir.2009).

marketplace."[24] The Second Circuit clarified that use of a keyword which *is* an actual trademarked word or phrase is a use-in-commerce.[25]

Defendant also argues that Google has "successfully defended against a number of suits claiming that the use of trademarked terms … constitutes a violation of state and federal law."[26] The cases Defendant cites to in the Motion to Dismiss are inapplicable here because they either do not reach the issue of whether purchasing a trademarked keyword is a use-in-commerce, are directly overturned, or decide that purchasing such keywords are in fact a use-in-commerce.[27] That Google has succeeded on these cases on other grounds is not persuasive. Defendant's claim that Google continues to "accept such keyword purchases to this day"[28] is irrelevant to the resolution of a motion to dismiss.

The Tenth Circuit has not rejected a finding that the purchase of a keyword is a use-in-commerce. In *1-800 Contacts v. Lens.com*,[29] the Tenth Circuit remarked that "the district court ruled that purchasing the Challenged Keywords satisfied the use-in-commerce requirement . . . a premise that we will assume without deciding."[30] Also, in *Australian Gold, Inc. v. Hatfield*,[31] the Tenth Circuit included placing trademarks in website metatags among a list of actions described as "violation[s] of the Lanham Act."[32] One other court within this district has found that the use

---

[24] *Id*. at 130.

[25] *See Id*.

[26] Motion to Dismiss at 5.

[27] *See Rescuecom Corp. v. Google, Inc.*, 456 F.Supp.2d 393 (N.D.N.Y. 2006); *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144 (4th Cir. 2012); *FPX, LLC v. Google, Inc*, 276 F.R.D. 543 (E.D.Tex. 2011); *Google, Inc. v. Am. Blind & Wallpaper Factory, Inc.*, 2007 WL 1159950 (N.D.Cal.).

[28] Motion to Dismiss at 5.

[29] *1-800 Contacts v. Lens.com*, 722 F.3d 1229 (10th Cir. 2013).

[30] *Id*. at 1242.

[31] *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228 (10th Cir. 2006).

[32] *Id*. at 1239.

of a Google AdWord keyword is a use-in-commerce.[33] Other circuits have found that the use of keywords in the metatags of websites is a use-in-commerce.[34] Using trademarks in metatags is substantially similar to purchasing AdWord keywords because the searcher does not see the metatag and the purpose is to increase the chance of a website appearing in the results complied by search engine searching for that trademarked term.

In light of these cases, the purchase of a trademark as a GoogleAd keyword is sufficient to allege use-in-commerce under the Lanham Act, and Plaintiff's first cause of action states a claim for which relief could be granted. Defendant's motion to dismiss this claim is therefore DENIED.

**Defendant fails to supports its argument for dismissal of the remaining claims**

Defendant seeks dismissal of all the remaining claims of the Complaint,[35] but Defendant provides no authority and makes no legal argument why Plaintiff's claims should be dismissed. Because Plaintiff's factual allegations are taken as true under Rule 12(b)(6), Defendant's unsupported request is ineffective. Therefore Defendant's request for the dismissal of these claims is DENIED.

---

[33] *See 1-800 Contacts, Inc. v. Memorial Eye, P.A.*, 2010 WL 988524 (D. Utah).

[34] *See Network Automation, Inc. v. Advanced Systems Concepts, Inc.*, 638 F.3d 1137 (9th Cir. 2011); *North American Medical Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211 (11th Cir. 2008).

[35] Motion to Dismiss at 7.

**ORDER**

For the reasons stated herein IT IS HEREBY ORDERED that Defendant's Motion to Dismiss[36] is DENIED. The Court's March 6, 2018 Order[37] ordered the parties to file an Attorney Planning Meeting report within 14 days of this Order.

Signed July 9, 2018.

BY THE COURT

David Nuffer
United States District Judge

---

[36] Motion to Dismiss and Memorandum in Support ("Motion to Dismiss"), docket No. 10, filed Jan. 22, 2018.

[37] Order Granting Stipulated Motion to Continue Initial Pretrial Conference, docket No. 17, filed March 6, 2018.